[738 NYS2d 857]

In the Matter of MARIE M. HUMPHERYS (Admitted as MARIE MICHELLE CHARLES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 4, 2002

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*Marie M. Humpherys,* Great Neck, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained eight charges of professional misconduct. In her answer, she denied almost all of the factual allegations contained in the petition and denied that she was guilty of any professional misconduct. After a hearing, the Special Referee sustained all eight charges. The petitioner now moves to confirm the Special Referee's report. The respondent opposes the motion.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, which adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]). In October 1996, the respondent maintained an IOLA account at Chase Bank entitled "IOLA Marie Humpherys" and drew check numbers 1186 and 1189 in the amounts of $3,296 and $1,441.50, respectively, from that account payable to J.C. Land Abstract. The respondent knew that she did not have sufficient funds on deposit to cover those checks, which were returned as "insufficient."

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, which adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]). In December 1997, J.C. Land Abstract secured a judgment in the amount of $3,023.09 against the respondent in the Civil Court, Kings County, Commercial Claims Part. The respondent has failed to satisfy or vacate that judgment.

Charge Three alleged that the respondent improperly commingled funds entrusted to her as a fiduciary with her business and/or personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). From 1996 through 1999, the respondent maintained another IOLA account at Chase Bank entitled "IOLA-IOLA Marie Humpherys." She deposited into that account funds entrusted to her as a fiduciary, incident to her practice of law. She also

deposited into that account personal funds and/or legal fees due and owing to her and drew checks from that account to pay personal expenses.

Charge Four alleged that the respondent drew IOLA checks payable to cash and made cash withdrawals from the IOLA account in Charge Three, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). The respondent made cash withdrawals from the foregoing IOLA account and drew checks payable to cash from that account.

Charge Five alleged that the respondent converted funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). On February 16, 1999, the respondent deposited $700 into the IOLA account in Charge Three on behalf of a client named Arias. She was entrusted with that money as a fiduciary, incident to her practice of law, and she was required to maintain the money intact until it was disbursed to the client or someone on the client's behalf. On February 19, 1999, the respondent drew check number 1040 in the amount of $200 to John Agar, a prospective client who was unrelated to Arias. Check number 1040 cleared against the funds held by the respondent on behalf of Arias. No funds were contemporaneously disbursed to Arias.

Charge Six alleged that the respondent failed to produce records that she was required to maintain and produce, in violation of Code of Professional Responsibility DR 9-102 (i) (22 NYCRR 1200.46 [i]). From August 24, 1999, through October 5, 1999, the petitioner asked the respondent to produce all statements and cancelled checks for her Chase IOLA accounts from September 1996 until the present. The respondent failed to comply with the petitioner's request.

Charge Seven alleged that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from her IOLA account(s), in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]). Since 1996, the respondent has failed to maintain a ledger book or similar record of deposits into and withdrawals from her IOLA account(s), as required by Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Eight alleged that the respondent filed a false certification with the New York State Office of Court Administration, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). On June 9, 1999, the respondent filed a biennial registration statement with the New York State Office of Court Administration in which she falsely affirmed

that she had read and was in compliance with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), which pertains to the maintenance of attorney accounts.

In view of the evidence adduced at the hearing, including the respondent's testimony, all eight charges were properly sustained by the Special Referee. The petitioner's motion to confirm the report of the Special Referee is, therefore, granted.

The respondent's prior disciplinary history consists of two admonitions and a letter of caution. In 1997, the respondent was issued an admonition for asserting frivolous arguments solely to delay a trial and another admonition for handling a legal matter without adequate preparation and that she knew or should have known she was incompetent to handle. In 2000, she was issued a letter of caution for failing to timely re-register as an attorney with the Office of Court Administration.

The respondent is guilty of serious professional misconduct, for which she shows no remorse. In fact, she continues to maintain her innocence and even attempts to justify her misconduct. Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Marie M. Humpherys, is suspended from the practice of law for a period of five years, commencing April 3, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period (a) she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Marie M. Humpherys, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.